IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CAROL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-1247 |
| ) | |
| PRINCE WILLIAM COUNTY, ) | |
| VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

After nearly 20 years of employment with Prince William County, Virginia, Plaintiff applied to be the Director of the Residential Services Division within the county's Department of Social Services ("D.S.S."). She was not selected for the job and regularly found herself in disagreement with the man that was selected. Plaintiff's frustrations reached a tipping point on April 9, 2013, when she was told her position was being eliminated and that she was being reassigned. Because Plaintiff has not set forth a plausible claim of unlawful discrimination under Title VII, her case must be dismissed.

Plaintiff began her employment with D.S.S. on January 25, 1993. Following multiple promotions and a break in service, she

was re-hired as an Outreach Supervisor in D.S.S.'s Pre-trial Supervision Program on July 7, 2007. As part of a larger D.S.S. reorganization in May 2014, Plaintiff was reassigned to the Molinari Juvenile Emergency Shelter facility ("Shelter"). Believing this reassignment (along with her treatment prior to and following the transfer) constituted unlawful discrimination and retaliation, and further believing she had been subjected to a hostile work environment, Plaintiff filed this lawsuit on September 22, 2014. Defendant now moves to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court considering a motion to dismiss must accept all well-pled factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. After Iqbal complaints are required to allege "a *plausible* claim for relief" instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md.

Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphasis in original). In sum, the plausibility standard is the touchstone by which a complaint's adequacy is determined.

Plaintiff's allegations begin after D.S.S. decided to hire Leviticus Bass ("Bass") as Director of Residential Services, a position for which Plaintiff also applied. Plaintiff disagreed with Bass' management style, feeling it was "bullying." Specifically, Plaintiff felt Bass discriminated against her when he a) hired a male to fill a position for which another female employee had applied; b) indicated an expectation that Plaintiff reciprocate in some way for office furniture he acquired for her; c) gave Plaintiff lower-than-expected ratings on her 2012 and 2013 annual performance evaluations[1]; d) used a "loud tone of voice" when he confronted Plaintiff in the parking lot; e) stated he wanted to "squeeze out" an underperforming female employee; and f) prevented Plaintiff from opening the door to his office during a meeting. Plaintiff filed a complaint against Bass with Defendant's Office of Equality, Affirmative Employment, and Diversity ("E.E.O.") on April 15, 2013.[2]

---

[1] Plaintiff's 2012 evaluation stated she "fully achieves expectations" despite written comments consistent with a higher rating. She does not identify what her 2013 rating was, but claims it was based on unfair criteria.
[2] In her complaint, Plaintiff does not identify when she first made contact with an E.E.O. counselor.

Plaintiff's frustrations reached a climax upon her reassignment to the Shelter when her position in the Pre-trial Supervision Program was eliminated. Despite being told she was doing a "fantastic" job prior to her transfer and that she was being transferred so she could "take her skills" to the Shelter, Plaintiff viewed the transfer and her subsequent treatment as further acts of discrimination; she desired a greater degree of clarity from management regarding her new job description and she felt it unfair that she was required to work a different schedule following the transfer. Therefore, she filed a second E.E.O. complaint—directed at the D.S.S. Director and Deputy Director—on April 28, 2013.

Plaintiff has not alleged facts sufficient to establish a plausible claim of sex discrimination or retaliation under Title VII. Her complaint cannot be read to raise a reasonable inference that Defendant's actions were based on her sex. See McCleary-Evans, 780 F.3d at 582 (affirming dismissal because plaintiff "failed to include adequate factual allegations to support a claim that [defendant] discriminated against her *because* she was…female[.]" (emphasis in original)). Even assuming arguendo that Defendant's motivations *were* discriminatory, Plaintiff has not alleged any adverse employment action taken by Defendant.

To establish a prima facie case of sex discrimination, Plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment." Gerner v. Cnty. of Chesterfield, Va., 674 F.3d 264, 266 (4th Cir. 2012). Here, Plaintiff fails to allege facts that could satisfy the third or fourth prongs of the prima facie standard. In fact, she does not directly address the fourth prong at all, leaving it to the Court to infer that she was treated differently than similarly-situated male employees.

Regarding the third prong, the only allegation that could constitute an adverse employment action under any circumstances is Plaintiff's involuntary transfer to the Shelter, which she refers to as a "demotion."[3] This characterization is misplaced. In order for a transfer to be an adverse employment action,

> [t]here must be some significant detrimental effect and absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position.

Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). Here, Plaintiff has alleged no significant

---

3 Two of her allegations—that Defendant hired a male employee instead of *another* female employee and Bass stating he wanted to "squeeze out" *another* female employee—fail because Plaintiff is not the allegedly aggrieved party.

detrimental effect resulting from her transfer to the Shelter. Moreover, she retained her pay grade when she was transferred and her salary was increased accordingly when her hours were increased from 75 to 80 per pay period. Plaintiff has not presented a plausible claim that her transfer was anything other than a routine personnel decision.

Plaintiff also has not presented a plausible claim that she was subjected to a hostile work environment. To establish a prima facie hostile work environment claim, Plaintiff must allege facts indicating any harassment she experienced "was (1) unwelcome, (2) based on [her sex], (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere, and (4) imputable to [Defendant]." E.E.O.C. v. Cent. Wholesalers, Inc., 573 F.3d 167, 175 (4th Cir. 2009). It is not enough if her employer occasionally displayed poor judgment or insensitivity in its dealings with her. The United States Court of Appeals for the Fourth Circuit has made clear that "Title VII does not create a general civility code in the workplace; it only proscribes behavior that is so objectively offensive as to alter the conditions of the victim's employment." Mosby-Grant v. City of Hagerstown, 630 F.3d 326 (4th Cir. 2010). Here, Plaintiff has not alleged facts that could possibly be construed as constituting a hostile work environment. It is a truism that periodic frustration with

management is part and parcel to *any* job; Plaintiff's complaint contains only these types of routine events.

To establish a prima facie case of retaliation, Plaintiff must show "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." <u>Ziskie v. Mineta</u>, 547 F.3d 220, 229 (4th Cir. 2008). For the reasons already stated, Plaintiff's complaint does not allege an adverse employment action. Therefore, her retaliation claim fails as well.

For all the foregoing reasons, Plaintiff fails to state a plausible claim that she suffered sex discrimination, was subjected to a hostile work environment, or was retaliated against. Therefore, Defendant's Motion to Dismiss must be granted.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June  /  , 2015